**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OPENLY, LLC, on behalf of Rock Ridge Insurance Company as subrogee of Joshua Mathew<br>131 Dartmouth St.<br>Boston, Massachusetts 02166<br>       Plaintiff, | : : : : : : : |
| | : Civil Action No.: |
| v. | : : |
| VALENCIA PIPE COMPANY<br>28305 Livingston Avenue<br>Valencia, CA 91355, | : : : : |
| and | : : |
| CITY SUBURBAN HOME BUILDERS, LLC<br>2456 High Road<br>Huntingdon Valley, PA 19125, | : : : **JURY TRIAL DEMANDED** : : |
|        Defendants. | : : |

**COMPLAINT**

Plaintiff, Openly, LLC, on behalf of Rock Ridge Insurance Company as subrogee of Joshua Mathew, by and through its attorneys, complaining of defendants, hereby avers, as follows:

**THE PARTIES**

1.      Plaintiff, Openly, LLC ("Openly"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 131 Dartmouth St., Boston, Massachusetts 02166

2.      At all relevant times, Openly was authorized to issue policies of insurance and conduct business in the Commonwealth of Pennsylvania.

3.       Defendant, Valencia Pipe Company ("Valencia"), is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 28305 Livingston Avenue, Valencia, CA 91355.

4.       At all times material hereto, Valencia was in the business of manufacturing and distributing, inter alia, corrugated stainless steel tubing ("CSST") used to transport natural gas and propane in commercial businesses and residential homes under the brand name HomeFlex.

5.       Defendant, City Suburban Home Builders, LLC ("CSHB"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 2456 High Road, Huntingdon Valley, PA 19125.

6.       At all times material hereto, CSHB was in the business of home development and building.

## JURISDICION AND VENUE

7.       The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.  The matter in controversy exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

8.       Venue is proper in this judicial district pursuant to 28 USC § 1391(a), as the acts and omissions giving rise to this action arose in this jurisdiction.

## FACTUAL ALLEGATIONS

9.       At all times material hereto, Openly provide insurance coverage to Joshua Mathew ("Mathew") with respect to the real and personal property located at 2466 High Road, Huntingdon Valley, PA 19006 (hereinafter "the Subject Property").

10.      The Subject Property contained a propane gas system which used CSST to transport the propane gas to appliances located throughout the Subject Property.

11.     The CSST installed in the Subject Property was manufactured by Valencia and installed by CSHB.

12.     In 1999, the applicable building codes and electrical codes required that natural gas distribution systems be properly bonded and/or grounded.

13.     Before, July 17, 2024, CSHB was responsible for bonding and/or grounding the gas distribution system in conformity with all local and national building codes as part of its installation of the electrical systems at the subject residence.

14.     Before July 17, 2024, Defendant Valencia had actual knowledge of the propensity of its CSST product to perforate when exposed to transient electrical energy and cause residential, gas-fueled fires.

15.     On July 17, 2024, a direct lightning strike to the Subject Property allowed transient energy to energize the CSST which lead to several arcing events.

16.     The arcing in the CSST gas line caused several perforations which allowed fugitive propane gas to escape at an uncontrolled rate, creating the potential for an explosion and fire.

17.     The heat of the arcing events caused an ignition of the flammable gas resulting in a catastrophic gas fueled fire which caused substantial destruction to the Subject Property.

## COUNT I – STRICT LIABILITY

### Plaintiff v. Defendant Valencia

18.     Plaintiff incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

19.     At all relevant times, Valencia owed plaintiff's insured a duty to use reasonable care in the development, production and marketing of the CSST product that was installed and used in the Subject Property.

20.    The property damage sustained was caused by Valencia's sale or supply of a defective product which was unreasonably dangerous for its intended and foreseeable use, and which was unreasonably dangerous to the ultimate users, operators and consumers, for which the defendant is strictly liable pursuant to the provisions of Section 402A of the Restatement (2d) of Torts.

21.    Valencia sold, designed and manufactured, assembled, distributed and/or otherwise placed into the stream of commerce the subject CSST gas piping in a defective condition and failed to warn of defects that were known to Valencia which rendered the gas piping system unreasonably dangerous.

22.     The defective and dangerous condition of the CSST was unknowable and unacceptable to the average or ordinary consumer, and was a condition upon normal use that was dangerous beyond the contemplation of a reasonable consumer.

23.    The risks presented by the defective and dangerous design of the CSST outweighed the utility of its design, such that a reasonable person would conclude that the probability and seriousness of harm arising from the product's design outweighed any benefit of the products usefulness.

24.    The defective and dangerous design of the CSST resulted in a product that was unsafe for its intended and foreseeable use.

25.    The CSST gas piping was defective because it was susceptible to failure when exposed to known and foreseeable weather conditions in a residential property and, in particular, to foreseeable lightning storms.

26.    The CSST gas piping was not abused or altered in any way from the condition in which it was manufactured and supplied by the defendant and was defective and unreasonably dangerous at the time it left the control of Valencia.

27. The CSST gas piping was defective due to inadequate wall thickness, unsafe protective insulating coverings, inadequate warnings and inadequate instructions about the need for bonding and grounding which may prevent damage to the CSST associated with transient electricity from electrical storms.

28. The CSST gas piping was defective in design in that the dangers and risks presented by the CSST exceeded the benefits and utility associated with its design, and safer alternative designs, including copper gas tubing and black iron pipe, were known and available to Valencia at the time of the manufacture of the product.

29. The CSST gas piping was defective in design in that it was in a condition not contemplated or expected by its consumers and unusually dangerous for use in the Subject Property.

30. When the CSST was installed at the Subject Property, Valencia had actual notice of residential fires attributed to its CSST failures but failed to provide any warning to consumers using the product.

31. Valencia had actual knowledge of the defect associated with CSST in that it was unsuitable for use in residential homes.

32. As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions for which Valencia consciously and deliberately disregarded the known risks and actual danger of its product, the Subject Residence was substantially damaged in the catastropic fire.

WHEREFORE, the Plaintiff demands judgment in its favor and against Valencia for compensatory damages, together with interest and the costs of this action.

## COUNT II— NEGLIGENCE/CARELESSNESS/RECKLESSNESS

### Plaintiff v. Defendant Valencia

33.    Plaintiff incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

34.    At all relevant times, Valencia owed the plaintiff's insured a duty to provide a product that was free from defective and dangerous conditions and safe for its reasonable foreseeable and/or intended use.

35.    Valencia breached its aforesaid duty to the Mathew family in one or more of the following ways:

(a)    Failing to properly develop the CSST product with an adequate exterior skin and coatings so that the product was able to tolerate normal and expected conditions in the environment where it is installed;

(b)    Failing to design its CSST product with a wall thickness that is capable of withstanding anticipated and foreseeable conditions in a residential home;

(c)    Failing to properly inspect and test the design and construction of its product before distributing the product to the public;

(d)    Carelessly and negligently advertising its product as a suitable replacement for black iron pipe when it was incapable of withstanding normal and expected conditions in the environment where it was installed;

(e)    Failing to warn consumers of the substantial risk of fire or similar peril presented by the normal use of its product;

(f)    Failing to provide a product that was capable of withstanding damage to its integrity resulting from expected and typical conditions in a residential home;

(g)    Failing and/or omitting to do those things necessary to avoid an unreasonable risk to the Subject Property.

(h)    Failing to comply with all other applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices; and

(i)    Failing to issue a post-sale warning of the known deficiencies and dangers associated with its CSST product.

36.     As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions, and conscience disregard of the foreseeable harm caused by its CSST product, the catastrophic fire occurred at the Subject Property, causing substantial damage.

WHEREFORE, the Plaintiff demands judgment in its favor and against Valencia for compensatory damages, together with interest and the costs of this action.

## COUNT III – NEGLIGENCE

### Plaintiff v. Defendant CSHB

37.     Plaintiff incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

38.     At all relevant times, Defendant CSHB as general contractor at the Subject Property, owed Plaintiff a duty  of care to properly oversee all of the work done at the Subject Property and to make certain that the work was performed in a safe and workmanlike manner.

39.     Defendants CSHB breached their aforesaid duties in one or more of the following ways:

(a)     Failing to adequately inspect and supervise the work of its employees and/or subcontractors;

(b)     Failed to properly coordinate the work of its agents, workmen, servants and subcontractors;

(c)     Failed to properly inspect the design and construction work of its agents, workmen, servants and subcontractors;

(d)     Failed to ensure that the CSST system was properly grounded so that the aboveground portions of the gas piping system from the equipment shutoff valve was electrically continuous and bonded to a ground electrode, as required by NFPA 54, Section 3.14 and the installation instructions for the CSST product;

(e)     Failed to properly inspect the design and construction work of its agents, workmen, servants and subcontractors;

(f)     Failed to design and build the subject residence with a proper electrical system;

(g)     Failed to design and build the subject residence with a proper gas system;

(h)     Utilized components in the home and building systems that were not appropriate or acceptable;

(i)     Failed to warn the insured of the substantial risk of fire or similar peril presented by the improper work done by its employees;

(j)     Failed to provide the insured with a home that was capable of withstanding damage to its building systems resulting from electrical storms and lightning;

(k)     Failing to comply with all other applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices;

(l)     Otherwise failing to use due care under the circumstances.

40.     As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions, Plaintiff's insured sustained property damage, for which Defendant CSBH is legally liable.

WHEREFORE, the Plaintiff demands judgment in its favor and against CSHB for compensatory damages, together with interest and the costs of this action

Respectfully Submitted,

COZEN O'CONNOR

Mark E. Utke, Esquire
PA ID. No. 70750
Jordan Scull, Esquire
PA ID. No. 331844
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: (215) 665-2164 / (215) 665-5576
Email: mutke@cozen.com / jscull@cozen.com
*Attorney for Plaintiff*